UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES HARDY JACKSON, | ) | CASE NO. 1:06 CV 121 |
| Plaintiff, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | |
| STATE OF OHIO, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On January 18, 2006, plaintiff <u>pro se</u> James Hardy Jackson, an inmate at the Chillicothe Correctional Institution, filed this action against the State of Ohio, Senator George V. Voinovich, and the Ohio Department of Rehabilitation and Correction. While the complaint is unclear, it appears to allege that plaintiff has written many letters and filed lawsuits in the Ohio courts concerning missing and stolen property. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; <u>Siller v. Dean</u>, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000)

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ,, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 11, 2006          *s/   James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE